IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                          Criminal No. **3:09CR443**

**RICKEY A. YOUNG,**

        Petitioner.

## MEMORANDUM OPINION

Rickey A. Young, a federal inmate proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 57). The Government has responded, asserting, *inter alia*, that Young's § 2255 Motion is barred by the statute of limitations. (ECF No. 60.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I.     PROCEDURAL HISTORY

On October 26, 2009, a Criminal Complaint was filed against Young, charging him with possession of a firearm by a convicted felon. (ECF No. 1.) Subsequently, a grand jury charged Young with: possession of a firearm by a convicted felon (Count One), and possession with the intent to distribute cocaine base (Count Two). (Indictment 1-2, ECF No. 10.) Young pled guilty to Count One. (Plea Agreement ¶ 1, ECF No. 17.) On May 13, 2010, the Honorable Richard L. Williams sentenced Young to 96 months of incarceration. (J. 2, ECF No. 27.)

Young, through counsel, filed a Notice of Appeal on May 20, 2010. (ECF No. 29.) While his appeal was pending, Young filed a § 2255 Motion in this Court. (ECF No. 32.) By Order entered on June 1, 2010, Judge Williams dismissed the § 2255 Motion without prejudice for lack of jurisdiction. (ECF No. 34.) On February 24, 2011, the United States Court of

Appeals for the Fourth Circuit granted the Government's motion to dismiss Young's appeal based upon the waiver of appellate rights included in his Plea Agreement. (*See* ECF No. 46.)

On July 26, 2013, Young placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Young asserts that his sentence was imposed in violation of his Fifth and Sixth Amendment rights because he "was enhanced for FOUR levels for possession of crack cocaine for charges which were dismissed by the United States." (§ 2255 Mot. 5.) Young has also filed a Motion to Amend, asking that he "be re-sentenced based only on the matter to which he pleaded guilty **without** any reference to Mandatory Minimums or to enhancements to which he did not plead guilty to nor was he indicted for." (Mot. Amend 2, ECF No. 58.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

>    recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Young filed an appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, May 25, 2011, the last date to file a petition for certiorari in the Supreme Court. *See United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) (citation omitted); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days). Hence, Young had until Friday, May 25, 2012 to file any motion under 28 U.S.C. § 2255. Because Young did not file his § 2255 Motion until July 26, 2013, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

In both his § 2255 Motion and his Motion to Amend, Young asserts that he was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2132 (2013). (§ 2255 Mot. 5; Mot. Amend 1-2.) In his § 2255 Motion, he asks that the Supreme Court's decision in *Alleyne* "be made retroactive to [his] case." (§ 2255 Mot. 10.) In *Alleyne*, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Although *Alleyne* did announce a new constitutional rule of criminal procedure, the rule is not retroactive on collateral review. *See Crayton v. United States*, No. 13-3548, --- F.3d ----, 2015 WL 3895767, at *1-2 (7th Cir. June 25, 2015); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). Therefore, because *Alleyne* is not retroactive, Young's § 2255 motion cannot be timely under 28 U.S.C.

3

§ 2255(f)(3).[1] Thus, Young has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[2]

### III. CONCLUSION

For the foregoing reasons, Young's § 2255 Motion (ECF No. 57) will be DENIED. Young's Motion to Amend (ECF No. 58) will be DENIED. The action will be DISMISSED. The Court will DENY a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

/s/ 
John A. Gibney, Jr.
United States District Judge

Date: 10/2/15
Richmond, Virginia

---

[1] In his Motion to Amend, Young also cites to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and *Harris v. United States*, 536 U.S. 545 (2002), *overruled by Alleyne v. United States*, 133 S. Ct. 2131 (2013), in support of his claim for relief. (Mot. Amend 1.) In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Booker*, the Court held that the Sixth Amendment right to a jury trial requires that, other than a prior conviction, only facts admitted by a defendant or proved beyond a reasonable doubt to a jury may be used to calculate a sentence exceeding the prescribed statutory maximum sentence. 543 U.S. at 226. Nevertheless, both *Apprendi* and *Booker* preceded Young's conviction and sentence, and Young was never subject to a penalty beyond the prescribed statutory maximum. In *Harris*, the Court held that sentencing factors that increased the mandatory minimum penalty for a crime could be found by a judge without violating a defendant's constitutional rights. 536 U.S. at 568-69. However, *Harris* was overruled by the Court's decision in *Alleyne*; furthermore, Young was never subject to a mandatory minimum penalty.

[2] Neither Young nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.